MEMORANDUM *
This is a consolidated petition for review brought by petitioners Ajit and Ramona Chandra and their two children. The first petition, No. 05-72374, seeks review of the Board of Immigration Appeals’ (“BIA”) denial of petitioners’ application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). The second petition, No. 07-72491, seeks review of the BIA’s denial of petitioners’ motion to reopen on account of changed country conditions. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we grant the petition in part and remand in light of our recent decision in Sinha v. Holder for the agency to clarify the basis of its denial of relief. See 564 F.3d 1015 (9th Cir.2009).
*22 The BIA’s “opinion must contain a statement of its reasons for denying the petitioner relief adequate for us to conduct our review, and we must remand for clarification if the Board fails to provide an adequate statement of the reasons for its decision.” Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995). Where, as here, the agency fails to make specific findings regarding the severity of petitioners’ mistreatment, its nexus to a protected ground, and the government’s ability to control those responsible, the proper course is to remand for the agency to make such findings in the first instance. See Sinha, 564 F.3d at 1020-21,1023-26.
We therefore grant the petition in part and remand in light of Sinha for the agency to provide a reasoned explanation for its denial of relief. Because we grant the petition with respect to petitioners’ asylum claim, we vacate submission of case No. 07-72491 “pending further order of the court, and hold it in abeyance pending the BIA’s ruling on remand.” Id. at 1026. We note that the agency may find it appropriate to consider petitioners’ evidence of changed country conditions on remand, in which case petitioners’ appeal from the BIA’s denial of their motion to reopen would most likely become moot. In either event, the parties should advise this Court when the agency’s proceedings on remand are concluded, and inform us of whether any issues remain for our review at that time.
GRANTED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.